Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY, | Case No. **'20 CV1933 BEN AHG** |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| AKCEA THERAPEUTICS, INC., DAMIEN MCDEVITT, B. LYNNE PARSHALL, ELAINE HOCHBERG, JOSEPH KLEIN, III, AMBER SALZMAN, SANDFORD D. SMITH, MICHAEL J. YANG, and BARBARA YANNI, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Stephen Bushansky ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

- 1 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1.       This is an action brought by Plaintiff against Akcea Therapeutics, Inc. ("Akcea" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78t(a), and to enjoin the expiration of a tender offer (the "Tender Offer") on a proposed transaction, pursuant to which Akcea will be acquired by Ionis Pharmaceuticals, Inc. ("Ionis"), through Ionis's wholly-owned subsidiary Avalanche Merger Sub, Inc. ("Purchaser") (the "Proposed Transaction").

2.       On August 31, 2020, Akcea and Ionis issued a joint press release announcing that they had entered into an Agreement and Plan of Merger (the "Merger Agreement") dated August 30, 2020 to sell Akcea to Ionis.  Under the terms of the Merger Agreement, Ionis will acquire all of the outstanding shares of Akcea common stock it does not already own for $18.15 in cash per share of Akcea common stock (the "Offer Price").  Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on September 14, 2020.  The Tender Offer is scheduled to expire at one minute after 11:59 p.m., Eastern Time, on October 9, 2020.  The Proposed Transaction is valued at approximately $500 million.

3.       On September 14, 2020, Akcea filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the SEC. The Recommendation Statement, which recommends that Akcea stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) Akcea management's financial projections, relied upon by the special committee of the Board's ("Affiliate Transactions Committee") financial advisor, Cowen and Company, LLC ("Cowen"), in its financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Cowen; (iii) the background of the Proposed Transaction; and (iv) Company insiders' and Cowen's potential conflicts of interest.  Defendants authorized the issuance of the false and

- 2 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

misleading Recommendation Statement in violation of Sections 14(e) and 20(a) of the Exchange Act.

4.     In short, the Proposed Transaction will unlawfully divest Akcea's public stockholders of the Company's valuable assets without fully disclosing all material information concerning the Proposed Transaction to Company stockholders. To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such problems are remedied.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(e) and 20(a) of the Exchange Act pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists. Akcea is incorporated in Delaware and maintains and operates an office in Carlsbad, California. Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

## PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Akcea.

9.      Defendant Akcea is a Delaware corporation with its principal executive offices located at 22 Boston Wharf Road, 9th Floor, Boston, Massachusetts 02210 and an office located at 2855 Gazelle Court, Carlsbad, California 92010.  Akcea is a biopharmaceutical company focused on developing and commercializing medicines to treat patients with serious and rare diseases.  Akcea's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "AKCA."

10.     Defendant Damien McDevitt ("McDevitt") serves as the Company's Chief Executive Officer ("CEO") and has been a director of the Company since October 2018.  From June 2018 to September 2019, defendant McDevitt served as Chief Business Officer ("CBO") of Ionis.

11.     Defendant B. Lynne Parshall ("Parshall") has served as Chair of the Board since December 2019 and as a director of the Company since January 2015.  Defendant Parshall has also served as a director of Ionis since September 2000 and as Senior Strategic Advisor to Ionis since January 2018.  Defendant Parshall previously served as Ionis's Chief Operating Officer ("COO") from December 2007 to January 2018 and as Ionis's Chief Financial Officer ("CFO") from June 1994 to December 2012.

12.     Defendant Elaine Hochberg ("Hochberg") has been a director of the Company since March 2017.

13.     Defendant Joseph Klein, III ("Klein") has been a director of the Company since September 2019.  Defendant Klein has also served as a director of Ionis since December 2005.

14.     Defendant Amber Salzman ("Salzman") has been a director of the Company since February 2020.

15.     Defendant Sandford D. Smith ("Smith") has been a director of the Company since March 2017.

16.     Defendant Michael J. Yang ("Yang") has been a director of the Company since September 2019.

- 4 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

17.     Defendant Barbara Yanni ("Yanni") has been a director of the Company since December 2019.

18.     Defendants identified in paragraphs 10 to 17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

19.     Ionis is a Delaware corporation with its principal executive offices located at 2855 Gazelle Court, Carlsbad, California 92010.  A leader in ribonucleic acid ("RNA")-targeted drug discovery and development, Ionis has created a drug discovery platform called antisense technology that can treat diseases where other therapeutic approaches have proven ineffective.  As of September 8, 2020, Ionis and its affiliates collectively owned approximately 76% of Akcea's outstanding shares. Ionis's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "IONS."

20.     Purchaser is a Delaware corporation and wholly owned subsidiary of Parent.

## SUBSTANTIVE ALLEGATIONS

**Company Background**

21.     Akcea is a commercial stage biopharmaceutical company developing and commercializing transformative medicines to treat patients with serious and rare diseases.  In December 2014, Ionis formed the Company as a wholly owned subsidiary.  The Company remained wholly owned by Ionis until July 19, 2017 when the Company completed its initial public offering ("IPO").

22.     The Company has a large and advancing pipeline of medicines in late-stage development and medicines on the market.  Akcea is focused on commercializing approved therapies TEGSEDI and WAYLIVRA.

23. TEGSEDI is indicated to treat adults with the polyneuropathy caused by hereditary transthyretin-mediated amyloidosis ("hATTR amyloidosis") and has been approved and launched in the United States, European Union, and Canada as well as approved in Brazil.

24. WAYLIVRA is indicated as an adjunct to diet to treat adult patients with genetically confirmed familial chylomicronemia syndrome ("FCS") who are at high risk for pancreatitis, for whom response to diet and triglyceride lowering therapy has been inadequate. WAYLIVRA has been approved and launched in the E.U.

25. The Company is also advancing a mature pipeline of novel medicines with the potential to treat multiple diseases, including two medicines in Phase 3 clinical trials, AKCEA-APO(a)-LRx which is partnered with Novartis Pharma AG, and AKCEA-TTR-LRx. Akcea also has two additional medicines that have each completed a Phase 2 study: AKCEA-ANGPTL3-LRx, which is partnered with Pfizer, Inc., and AKCEA-APOCIII-LRx.

26. Upon the closing of the Company's IPO, Ionis received (i) 28,884,540 shares upon the conversion of Series A preferred stock of the Company acquired by Ionis prior to the IPO and (ii) 13,438,339 shares in satisfaction of the Company's obligations to Ionis pursuant to a Senior Unsecured Line of Credit Agreement, dated as of January 18, 2017, by and between the Company and Ionis. Ionis also purchased 3,125,000 shares in the IPO at a purchase price of $8.00 per Share. Ionis subsequently received significant shares in the Company through a series of license agreements and collaborations with Akcea. As of September 8, 2020, Ionis and its affiliates collectively beneficially owned 77,094,682 shares, representing approximately 76% of the Company's outstanding shares.

27. All of Akcea's medicines are based on Ionis' antisense technology platform. The Company's medicines in development use Ionis's advanced LIgand Conjugated Antisense ("LICA") technology, which enhances the effective uptake and activity of these medicines in particular tissues.

28. On May 5, 2020, the Company announced its first quarter 2020 financial results and key highlights, including revenue from sales of TEGSEDI and WAYLIVRA of $15 million during the quarter, compared to $7 million for the first quarter of 2019. Reflecting on the Company's results, defendant McDevitt commented:

> This has been an exciting quarter with significant progress made across the company. With the two positive data readouts for AKCEA-ANGPTL3-LRx, which we are now referring to as vupanorsen, and AKCEA-APOCIII-LRx, and additions to our leadership team and board of directors, we have a solid foundation for the future. We are focused on the development and commercialization of medicines for serious and rare diseases, and are committed to bringing products to the rare disease patient community by utilizing a range of solutions to ensure the broadest reach. We generated $15 million in product sales from TEGSEDI and WAYLIVRA in the first quarter, as we continue to expand the number of countries where our products are commercially available, and ended the quarter with $421 million in cash, cash equivalents and short-term investments, putting us in a very strong position to execute on our strategic priorities in 2020 and beyond.

29. On August 4, 2020, the Company announced its second quarter 2020 financial results and key highlights, including total product sales of $16 million, maintaining consistent quarter over quarter sales growth. Akcea CFO Michael Price commented on the Company's progress, stating:

> In the second quarter, we achieved commercial product revenues of $16 million from TEGSEDI and WAYLIVRA, an increase of 66% from the prior year quarter, and an increase of 8% from the first quarter 2020. We remain well capitalized with $390 million in cash and short-term investments as of the end of June, putting us in a strong financial position to execute on our strategic priorities going forward.

**The Proposed Transaction**

30. On August 31, 2020, Akcea and Ionis issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

> CARLSBAD, Calif. and BOSTON, Aug. 31, 2020 -- Ionis Pharmaceuticals, Inc. (NASDAQ: IONS) and its affiliate Akcea Therapeutics, Inc. (NASDAQ: AKCA) today announced that they have entered into a definitive agreement under which Ionis will acquire all of the outstanding shares of Akcea common stock it does not already own, approximately 24%, for $18.15 per share in cash. This corresponds to a total transaction value of approximately $500 million on a fully diluted basis. The transaction has been approved by the Ionis and Akcea Boards of Directors, and by the independent Affiliate Transactions Committee of Akcea's Board of Directors. Akcea's

Board of Directors has recommended to shareholders of Akcea that they tender their shares into the tender offer.

"This acquisition is another step forward in Ionis' evolution and creates a stronger, more efficient organization to the benefit of all stakeholders," said Brett Monia, Chief Executive Officer of Ionis.  "We believe becoming one company – with one vision and one set of strategic priorities, led by one team – will deliver significant strategic value, enhancing the future success of our company, accelerating our next phase of growth and positioning us to most effectively deliver our medicines to patients. Following the completion of the transaction, Ionis will retain more value from Akcea's rich pipeline and commercial products, further strengthening our financial position and supporting continued investments in our future."

"Akcea values the skills, experience and expertise of our teams and I am proud of what we've accomplished in developing and delivering transformational medicines to patients," said Damien McDevitt, Chief Executive Officer of Akcea.  "This acquisition by Ionis is a testament to the achievements of the Akcea team."

"This transaction delivers immediate and certain value with a premium to Akcea shareholders," said Barbara Yanni, Chair of the Akcea Affiliate Transactions Committee.  "Our close collaboration with Ionis has been key to enabling the launch of two commercial antisense medicines in just two years as well as advancing a late-stage pipeline and securing important partnerships."

**SIGNIFICANT FINANCIAL BENEFITS**

This transaction also further strengthens Ionis' financial position:

- Ionis will realize more financial upside from Akcea's rich pipeline and commercial products.

- Ionis will gain full access to Akcea's significant cash on hand of approximately $390 million as of June 30, 2020 and future cash flows to further invest in the Company's future and further support Ionis' capital allocation strategy.

- Ionis will achieve meaningful cost synergies.

**TERMS OF THE AGREEMENT**

Under the terms of the agreement, Ionis will commence a tender offer for all outstanding shares of Akcea common stock not already owned by Ionis at a price of $18.15 per share in cash.  The closing of the tender offer will be subject to a majority of Akcea's shares not already owned by Ionis, its affiliates or their respective directors and executive officers being tendered in the tender offer.

Promptly following the completion of the tender offer, Ionis will acquire all remaining shares of Akcea common stock at the same price of $18.15 per share in cash through a second-step merger. Ionis and Akcea expect to complete the transaction in the fourth quarter of 2020, subject to other customary closing conditions.

Ionis expects to fund the acquisition through existing cash resources. The transaction is not subject to any financing condition.

**Insiders' Interests in the Proposed Transaction**

28. Akcea insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Akcea.

29. For example, upon consummation of the Proposed Transaction, all vested and unvested Company in the money options and restricted stock units ("RSU") will be converted into the right to receive cash payments, as set forth in the following table:

| | Shares Underlying Vested Company Options (#) | Weighted Average Exercise Price ($) | Aggregate Vested Company Option Payment ($)(1) | Shares Underlying Unvested Company Options (#) | Weighted Average Exercise Price ($) | Aggregate Unvested Company Option Payment ($)(1) | Company RSUs (#) | Aggregate Company RSUs Payment ($)(2) | Total Equity Award Consideration ($) |
|---|---|---|---|---|---|---|---|---|---|
| **Executive Officers:** | | | | | | | | | |
| Damien McDevitt | — | — | — | 720,000 | 18.15 | 1,724,800 | 235,000 | 4,265,250 | 5,990,050 |
| William T. Andrews | — | — | — | 250,000 | 13.29 | 1,215,000 | 37,500 | 680,625 | 1,895,625 |
| Alex G. Howarth | — | — | — | 334,200 | 17.41 | 247,338 | 66,800 | 1,212,420 | 1,459,758 |
| Kyle Jenne | 155,052 | 16.56 | 671,665 | 174,059 | 19.43 | 412,440 | 50,583 | 918,081 | 2,002,186 |
| Joshua Patterson | 41,666 | 28.85 | — | 57,084 | 24.16 | 56,375 | 25,515 | 463,097 | 519,472 |
| Michael D. Price | — | — | — | 300,000 | 14.78 | 1,011,000 | 50,000 | 907,500 | 1,918,500 |
| **Directors:** | | | | | | | | | |
| B. Lynne Parshall | 48,508 | 22.29 | — | 83,692 | 20.45 | 53,064 | — | — | 53,064 |
| Elaine Hochberg | 59,428 | 15.87 | 235,390 | 72,609 | 18.55 | 131,525 | — | — | 366,915 |
| Joseph Klein, III | — | — | — | 79,400 | 20.36 | 53,064 | — | — | 53,064 |
| Amber Salzman | — | — | — | 79,400 | 17.34 | 64,194 | — | — | 64,194 |
| Sandford D. Smith | 59,428 | 15.87 | 235,390 | 72,609 | 18.55 | 131,525 | — | — | 366,915 |
| Michael J. Yang | — | — | — | 79,400 | 20.36 | 53,064 | — | — | 53,064 |
| Barbara Yanni | — | — | — | 79,400 | 18.25 | 53,064 | — | — | 53,064 |

30. Moreover, according to the Merger Agreement, certain Company employees may receive cash-based bonuses in an aggregate amount of not more than $5,000,000.

31. In addition, if they are terminated in connection with the Proposed Transaction, Akcea's named executive officers will receive substantial cash severance payments in the form of golden parachute compensation as set forth in the following table:

- 9 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

| Name | Cash ($)(1) | Equity ($)(2) | Perquisites / Benefits ($)(3) | Total ($) |
|---|---|---|---|---|
| Damien McDevitt | 1,820,000 | 5,990,050 | 48,300 | 7,858,350 |
| Alex G. Howarth | 1,012,500 | 1,459,758 | 41,400 | 2,513,658 |
| Kyle Jenne | 990,000 | 2,002,186 | 41,400 | 3,033,586 |
| Michael D. Price | 1,012,500 | 1,918,500 | 41,400 | 2,972,400 |

**The Recommendation Statement Contains Material Misstatements or Omissions**

32. The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Akcea's stockholders. The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in the Proposed Transaction or seek appraisal.

33. Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) Akcea management's financial projections, relied upon by the Affiliate Transactions Committee's financial advisor, Cowen, in its financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Cowen; (iii) the background of the Proposed Transaction; and (iv) Company insiders' and Cowen's potential conflicts of interest.

*Material Omissions Concerning Akcea's Financial Projections*

34. The Recommendation Statement omits material information regarding the Company's financial projections.

35. For example, the Recommendation Statement sets forth:

> At a meeting held on May 28, 2020, the Company's management presented to the Board certain financial projections for the Company for the fiscal years 2020-2029 (the "***May Projections***").... The May Projections were not adjusted for the probability of success of, among other things, obtaining regulatory approvals and meeting anticipated launch dates for the Company's pipeline products, earning payments from partners, including royalties on such pipeline products, earning the target pricing of sales of approved products, or negotiating favorable profit sharing arrangements with

- 10 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

respect to milestone income, royalties or other profits payable under licenses from Ionis for certain pipeline products.

* * *

In July and August of 2020, the Affiliate Transactions Committee, with the assistance of the Company's management team and ClearView, developed long-range probability-adjusted financial projections (the "**August Projections**"). . . . In contrast to the May Projections, the August Projections incorporated the latest assumptions on the development plans, cost and timing, as well as a current analysis of the competitive environment in the commercial forecasts of the Company's product candidates. The August projections were also extended over a longer time period through to loss of exclusivity (as compared to the ten year forecast included in the May Projections). Furthermore, the August Projections were adjusted for the probability of success of, among other things, obtaining regulatory approvals and meeting anticipated launch dates for the Company's pipeline products, earning payments from partners, including royalties on such pipeline products, earning the target pricing of sales of approved products, and negotiating favorable profit sharing arrangements with respect to milestone income, royalties or other profits payable under licenses from Ionis for certain pipeline products.

*Id.* at 40-41 (emphasis in original).  The Recommendation Statement, however, fails to set forth: (i) quantifications of the latest assumptions on the development plans, cost and timing, and current analysis of the competitive environment in the commercial forecasts of the Company's product candidates that were incorporated into the August Projections; and (ii) the non-probability of success adjusted August Projections, so Akcea stockholders can evaluate the financial impact the Company's adjustments had on the August Projections, as compared to the May Projections that were not adjusted.

36. The Recommendation Statement also fails to disclose the U.S. Net Operating Loss Benefit forecasts of the Company for years 2020 through 2040.

37. The omission of this information renders the statements in the "Certain Prospective Financial Information" and "Opinion of Cowen and Company, LLC, Financial Advisor to the Affiliate Transactions Committee" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning Cowen's Financial Analyses*

38. The Recommendation Statement describes Cowen's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Cowen's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Akcea's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Cowen's fairness opinion in determining whether to tender their shares in the Proposed Transaction or seek appraisal.

39. With respect to Cowen's *Analysis of Selected Publicly Traded Companies* and *Analysis of Selected Transactions*, the Recommendation Statement fails to disclose the individual multiples and financial metrics for each of the companies and transactions analyzed, respectively.

40. With respect to Cowen's *Net Present Value Analysis*, the Recommendation Statement fails to disclose the quantification of the inputs and assumptions underlying the discount rate range of 11.0% to 13.0%.

41. The Recommendation Statement fails to disclose the *Sum-of-the-Parts NPV Analysis (Probability-Adjusted)* performed by Cowen, as well as the free cash flows for each of the Company's products, product candidates, and other assets, underlying the analysis.

42. The Recommendation Statement fails to disclose the *Illustrative NPV Sensitivity Analysis* of the Company performed by Cowen.

43. The omission of this information renders the statements in the "Opinion of Cowen and Company, LLC, Financial Advisor to the Affiliate Transactions Committee" and "Certain Prospective Financial Information" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Background of the Proposed Transaction*

44. The Recommendation Statement fails to disclose material information concerning the background process leading to the Proposed Transaction.

45. For example, the Recommendation Statement sets forth:

> In April and May 2019, at the direction of the Board and management of the Company, representatives of Cowen contacted eleven potential counterparties regarding a strategic transaction. Two of these companies, each a large, multi-national pharmaceutical company, entered into confidential disclosure agreements with the Company, including a company referred to in this section as Party A.

*Id*. at 21. The Recommendation Statement, however, fails to disclose the terms of the confidential disclosure agreements Akcea entered into with the two potential counterparties, including whether the confidentiality agreements contained "don't-ask, don't-waive" ("DADW") standstill provisions that are still in effect and currently precluding these parties from making a topping bid for the Company.

46. The failure to disclose the existence of DADW provisions, creates the false impression that either of the potential buyers who entered into confidentiality agreements could make a superior proposal for the Company. If those confidentiality agreements contain DADW provisions, then those potential buyers can only make a superior proposal by (i) breaching the confidentiality agreement—since in order to make the superior proposal, they would have to ask for a waiver, either directly or indirectly; or by (ii) being released from the agreement, which if action has been done, is omitted from the Recommendation Statement.

47. Any reasonable Akcea stockholder would deem the fact that the most likely topping bidders for the Company may be precluded from making a topping bid for the Company to significantly alter the total mix of information

48. With respect to the Affiliate Transactions Committee's engagement of ClearView Healthcare Partners ("ClearView"), the Recommendation Statement fails to disclose the terms of the engagement, including the compensation payable to ClearView in connection with its engagement.

The Recommendation Statement further fails to disclose whether ClearView has performed any prior services for the Company or Ionis and, if so, the nature of those services and any fees ClearView has received in connection with such services.

49. Similarly, the Recommendation Statement sets forth:

> On August 24, 2020, the Sub-Committee held a telephonic conference with Young Conaway. Thereafter, Young Conaway hired Analysis Group, Inc. ("**Analysis Group**") as an expert to assist it with advising the Affiliate Transactions Committee on its assessment of the potential value of the New Delaware Litigation to the Company and its minority stockholders were the Affiliate Transactions Committee to reject the Ionis proposal. Over the course of the ensuing week, Ms. Yanni, as chairperson of the Affiliate Transactions Committee and a member of the Sub-Committee, Young Conaway and Analysis Group held several conference calls to discuss the progress of Young Conaway's work.

*Id.* at 26 (emphasis in original). The Recommendation Statement, however, fails to disclose the terms of the engagement with Analysis Group, including the compensation payable to Analysis Group in connection with its engagement. The Recommendation Statement further fails to disclose whether Analysis Group has performed any prior services for the Company or Ionis and, if so, the nature of those services and any fees Analysis Group has received in connection with such services. Moreover, the Recommendation Statement fails to disclose whether the Affiliate Transactions Committee approved Young Conaway's engagement of Analysis Group.

50. The Recommendation Statement also fails to disclose the potential value of the New Delaware Litigation that the Analysis Group, Young Conaway and the Affiliate Transactions Committee discussed.

51. Additionally, the Recommendation Statement fails to disclose whether the Affiliate Transactions Committee attempted to negotiate any consideration for the potential value of the New Delaware Litigation.

52. Moreover, the Recommendation Statement fails to disclose whether Cowen communicated to Ionis's advisors, the Affiliate Transactions Committee's directive to communicate

to these advisors, that the Affiliate Transactions Committee was willing to pursue a signing if Ionis was willing to accept an offer price of $18.25 per share.

53. The omission of this information renders the statements in the "Background of the Offer and the Merger" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Company Insiders' and Cowen's Potential Conflicts of Interest***

54. The Recommendation Statement omits material information regarding Company insiders' potential conflicts of interest.

55. The Recommendation Statement sets forth:

> It is possible that Akcea employees, including the executive officers, will enter into new compensation arrangements with Ionis or its subsidiaries (other than Akcea and its subsidiaries). Such arrangements may include agreements regarding future terms of employment, the right to receive equity or equity-based awards of Ionis or retention awards. As of the date of this Schedule 14D-9, no such compensation arrangements have been established. Any such arrangements with Akcea's employees are currently expected to be entered into after the completion of the Offer and the Merger, if at all.

*Id.* at 17. The Recommendation Statement fails to disclose the details of all employment and retention-related discussions and negotiations that occurred between Ionis and Akcea executive officers and directors, including who participated in all such communications, when they occurred and their content. The Recommendation Statement further fails to disclose whether any of Ionis' proposals or indications of interest mentioned management retention.

56. Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for Principia's stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

57.     Additionally, the Recommendation Statement omits material information regarding Cowen's potential conflicts of interest.

58.     The Recommendation Statement sets forth that "in the two years preceding the date of its opinion, Cowen did not perform any commercial or investment banking services for the Company, Ionis or any other party to the Merger Agreement for which Cowen received compensation." *Id*. at 39.  The Recommendation Statement fails, however, to disclose whether Cowen has performed any services for Ionis in the previous two years and, if so, the nature of such services.

59.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

60.     The omission of this information renders the statements in the "Background of the Offer and the Merger" and "Opinion of Cowen and Company, LLC, Financial Advisor to the Affiliate Transactions Committee" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

61.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other Akcea stockholders will be unable to make an informed decision whether to tender their shares in the Proposed Transaction or seek appraisal and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**Claims Against All Defendants for Violations
of Section 14(e) of the Exchange Act**

62.     Plaintiff repeats all previous allegations as if set forth in full.

63.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Tender Offer commenced in conjunction with the Proposed Transaction.

64.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer commenced in conjunction with the Proposed Transaction.

65.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

**COUNT II**

**Claims Against the Individual Defendants for
Violation of Section 20(a) of the Exchange Act**

66.     Plaintiff repeats all previous allegations as if set forth in full.

67.     The Individual Defendants acted as controlling persons of Akcea within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Akcea and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC,

- 17 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

68.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

69.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

70.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

71.     By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Akcea, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert

with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

D. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 29, 2020  **WEISSLAW LLP**

By: */s/ Joel E. Elkins*

Joel E. Elkins
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile: 310/209-2348
    -and-
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, NY 10036
Telephone: 212/682-3025
Facsimile: 212/682-3010

*Attorneys for Plaintiff*